GIBBS & FUERST LLP
600 B STREET, SUITE 2300
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 702-3505
FACSIMILE (619) 702-1547

Michael T. Gibbs, State Bar No. 076519
Kevin L. Borgen, State Bar No. 176766

Attorneys for Defendants CITY OF CALEXICO/CALEXICO POLICE DEPARTMENT and OFFICER B. PORRAS

FILED
APR 28 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY

'08 CV 0771 W JMA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ORIGINAL

| | |
|---|---|
| CESAR CERVANTES,<br><br>Plaintiff,<br><br>vs.<br><br>CALEXICO POLICE DEPARTMENT, a public entity; Officer B. PORRAS, in his personal and professional capacity; and DOES 1 to 20, inclusive,<br><br>Defendants. | No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION)**<br><br>**STATE ACTION FILED IN SUPERIOR COURT OF STATE OF CALIFORNIA, COUNTY OF IMPERIAL, CASE NO. ECU 04252** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendants CITY OF CALEXICO/CALEXICO POLICE DEPARTMENT and Officer B. PORRAS hereby remove to this court the state court action described below.

1. On March 6, 2008, an action was commenced in the Superior Court of the State of California, in and for the County of Imperial, entitled Plaintiff CESAR CERVANTES v. Defendant CALEXICO POLICE DEPARTMENT, a public entity; Officer B. PORRAS, (and Does 1-20), as Case No: ECU 04252, a copy of which is attached as Exhibit "A".

2. The first date upon which defendants received a copy of plaintiff's complaint was April 1, 2008, when defendants were each served with a copy of plaintiff's summons and complaint from the state court. A copy of plaintiff's summons is attached hereto as Exhibit "B."

3. A copy of the state court's Notice of Case Management Conference is attached hereto as Exhibit "C." The Answer of defendant CITY OF CALEXICO/CALEXICO POLICE DEPARTMENT is attached as Exhibit "D." The Answer of defendant Officer B. PORRAS is attached as Exhibit "E."

4. This action is a civil action of which this court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this court by defendants pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under 42 U.S.C. § 1983.

5. All named defendants are a party to this Notice of Removal.

DATED: April 23, 2008

GIBBS & FUERST

By: ______________________
MICHAEL T. GIBBS
KEVIN L. BORGEN
Attorneys for Defendants
CITY OF CALEXICO/CALEXICO
POLICE DEPARTMENT and
OFFICER B. PORRAS

Exhibit "A"

Assigned for all purpose to Judge including trial

JEFFREY B. JONES

Leah M. Peer, Esq. (SBN 172335)
Donald R. Holben, Esq. (SBN 108401)
**DONALD R. HOLBEN & ASSOCIATES, APC**
5030 Camino de la Siesta, Suite 350
San Diego, CA 92108
Telephone: (619) 220-5555
Facsimile: (619) 220-0033

Attorneys for Plaintiff, CESAR CERVANTES

MAR 06 2008

SUPERIOR COURT IMPERIAL CO...

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF IMPERIAL**

| | |
|---|---|
| CESAR CERVANTES,<br><br>Plaintiff,<br><br>v.<br><br>CALEXICO POLICE DEPARTMENT, a public entity; Officer B. PORRAS, in his personal and professional capacity; and DOES 1 through 20, Inclusive<br><br>Defendants. | **CASE NO.:** ECU 04252<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Battery<br>2. False Imprisonment<br>3. Negligence<br>4. Intentional Infliction of Emotional Distress<br>5. Depravation of Rights Under Color of State Law Pursuant to 42 USC § 1983<br><br>**Unlimited Jurisdiction**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, by and through his counsel, alleges as follows for his Complaint against Defendants. These allegations are made on information and belief based upon, *inter alia*, the investigation of his counsel, except as to the allegations relating to Plaintiff, which are alleged upon personal knowledge.

**NATURE OF THE CASE**

1. This complaint is brought by an individual who suffered physical, emotional and economic injuries, arising out of the actions and omissions of CALEXICO POLICE DEPARTMENT'S employee Officer B. PORRAS' and agents' actions in shooting Plaintiff, CESAR CERVANTES, several times with a tazer gun while acting within the course and scope of their employment with the CALEXICO POLICE DEPARTMENT, which resulted in Plaintiff being injured and causing him physical, emotional injuries, including bruises, electrical shocks, swelling, back injuries, high blood

pressure, chest pain, loss of sleep, seizures, nausea, vomiting, difficulty breathing, dizziness, heart problems and anxiety.

## JURISDICTION AND VENUE

2. This action is brought to seek relief based on Defendants' violations of California law. The amount in controversy is in excess of the jurisdictional minimum of this Court. All of the acts and transactions complained of herein, including without limitation, the acts causing physical injury to Plaintiff and all other actions relating to Plaintiff's claims, occurred in Imperial County, California. Moreover, each and every Defendant named herein resides in, maintains an office in, and/or conducts business relevant to this litigation in Imperial County, California.

## THE PARTIES

3. Plaintiff CESAR CERVANTES (hereinafter referred to as "CERVANTES") is, and at all times relevant, was an individual residing within Imperial County, California. At all relevant times herein, CERVANTES, was and is the individual who was at 921 Cesar Chavez Boulevard. Calexico.

4. Defendant CALEXICO POLICE DEPARTMENT (hereinafter referred to as "CALEXICO PD" ), at all relevant times, is a business entity of unknown form and doing business in the County of Imperial and was the entity responsible for the shooting of the tazer by Defendant, Officer B. PORRAS.

5. Defendant Officer B. PORRAS, was and is an employee of Defendant CALEXICO POLICE DEPARTMENT and was the individual responsible for the tazer shooting of Plaintiff. Officer PORRAS also falsely arrested Plaintiff and maliciously created false charges against Plaintiff.

6. Defendants DOES 1 through 20 are persons, corporations, partnerships, or other entities who caused physical injury to Plaintiff, CERVANTES after Plaintiff was shot several times with a tazer by Defendant, Officer B. PORRAS. Plaintiff alleges upon information and believe that Defendants DOES 1 through 20, inclusive, at all times relevant, have acted and are continuing to act in concert with one another, and each of them has participated in and is liable for the acts and transactions which are the subjects of this Complaint. The true names and capacities of DOES 1 through 20, whether individual, corporate, or otherwise, are unknown to Plaintiff, who therefore sues such Defendants under fictitious DOE names. DOES 1 through 20 are hereby named as Defendants in each cause of action

alleged herein. Plaintiff will seek leave of Court to amend this Complaint to allege the true names and capacities of such Defendants when they have been ascertained.

## BACKGROUND ALLEGATIONS

7. On or about June 12, 2007, at approximately 3:15 p.m., Plaintiff Cesar Cervantes had gone to Garcia Foods Market located approximately three (3) blocks away from his residence at 921 Cesar Chavez Blvd., Calexico, CA. 92231. At the time, Mr. Cervantes was driving a white 2004, Mitsubishi four-door sedan.

8. On his return home from the Market, Mr. Cervantes observed a Calexico police officer as he stopped at a four-way stop at Pierce and Grant Street. Mr. Cervantes proceeded through the intersection and the police officer pulled in behind Plaintiff and began to follow him. Mr. Cervantes made another full and complete stop again at the next two-way intersection at Pierce and Lincoln Street as Plaintiff drove North towards his home. The Calexico police officer continued to follow Plaintiff through this intersection North on Pierce Avenue through the next intersection crossing McKinley Street, which was not a four way stop.

9. At all times, both before and after the Calexico police officer began to follow him, Mr. Cervantes adhered to the posted speed limit (25 m.p.h.) and came to full and complete stops at all four way intersections. Plaintiff was aware that the Calexico police officer was behind him. However, the Calexico police officer did not make any attempt to stop Plaintiff nor did the officer use his flashing lights indicating that Plaintiff should pull over.

10. Mr. Cervantes used his turn signal and then made a full stop on at Pierce and Sheridan Street. Plaintiff then turned right turn onto Sheridan Street and again used his turn signal and made another full and complete stop at the intersection of Sheridan and Cesar Chavez Blvd. Plaintiff then turned right again onto Cesar Chavez Blvd. proceeding South towards his residence which was approximately 20-25 yards away.

11. Again using his turn signal, Mr. Cervantes entered his front yard driveway and exited his vehicle. Plaintiff is disabled and unable to work with back injuries, Hypertension and Diabetes mellitus, Type II. It was extremely hot outside, which exacerbated the symptoms of Plaintiff's disability and he felt dizzy and ill as he stepped outside of his vehicle. As Plaintiff

walked towards the front door of his home, he noticed that the Calexico police officer drove onto his driveway on his property and parked behind Plaintiff. Calexico police officer B. Porras then exited his vehicle and walked toward him. Plaintiff saw his wife, Mrs. Cervantes at that he entrance of their home, and thinking that the police officer wanted to ask a question, told Officer Porras he was just going to call his wife over.

12. Officer Porras did not respond and Plaintiff turned towards his house and then felt an two (2) immediate hot and hard impacts on his back which knocked Plaintiff senseless to the ground and left him short of breath. Plaintiff felt approximately five (5) separate and prolonged impact shocks though-out his body which caused him to convulse, "like a fish out of water" for approximately three to five minutes. Officer Porras' tazer attack on Plaintiff was with malice and completely without justification under the circumstances.

13. Plaintiff's wife and seventeen year old daughter came running out of their home screaming. Mrs. Cervantes yelled to Officer Porras that her husband was sick and that they were hurting him. By that time, Plaintiff's coloring had turned to purple. Officer Porras shouted at Mrs. Cervantes and their daughter to get inside the house while holding the tazer gun into Plaintiff's back and appeared to be shooting continuously into Plaintiff's back.

14. Only after several more police cars and officers arrive did Officer Porras stop the discharge from the tazer gun. Plaintiff felt weak and sick while several police officers search his person and handcuffed him. Plaintiff was placed in the back seat of a police car and transported first to the Calexico police department. Plaintiff was never read his Miranda rights, but was told by one unknown police officer that he had possession of marijuana. Plaintiff told the officer, "you know that's not true." The officer did not respond and sat Mr. Cervantes on a bench in a holding area in handcuffs. Shortly after, another police officer approached Mr. Cervantes and asked how he felt. Mr. Cervantes replied that he felt very sick. Later, two paramedics arrived and while Mr. Cervantes remained handcuffed, his sugar level and blood pressure were checked. Mr. Cervantes was told both were very high and that they would need

///

///

to take him to the hospital. Mr. Cervantes said he did not have the money to pay for an ambulance, and they replied that the Officer Porras, the officer who shot him, would be driving him.

15. Officer Porras then arrived and stated that they had a warrant for Mr. Cervantes' arrest. Mr. Cervantes stated that he had never had any problems with the law and denied knowledge of any warrants. Officer Porras only said it was a "1998 case." Mr. Cervantes did not know what the officer was talking about. Plaintiff believes that Officer Porras, and the Calexico Police officers, were fabricating facts in effort to support their misconduct.

16. Mr. Cervantes was arrested and subsequently learned that he was booked on three charges: (1) Penal Code §148 (a) - Resisting an officer; (2) Vehicle Code § 14601.2 - Driving when privilege suspended; and (3) Vehicle Code § 23152 - Driving under the influence. Mr. Cervantes adamantly denied all charges and maintains that he did not resist any officer, was not driving when his privilege was suspended, and was not under the influence.

17. On the way to the hospital,. Mr. Cervantes asked Officer Porras why this was happening to him that he hadn't done anything wrong and had not broken any laws. Officer Porras told Mr. Cervantes, among other things, that he did not know that Mr. Cervantes lived at the house they stopped him at, and that if he didn't live there he (Cervantes) "would have been laughing at him." Based upon Officer Porras' comments to him, Plaintiff believes that he was falsely arrested, assaulted and tazered without justification, and maliciously booked on charges that Officer Porras knew were false and could not be supported with any evidence.

18. Mr. Cervantes was taken to the El Centro Regional Medical Center emergency room on June 12, 2007 at 5:07 p.m. Mr. Cervantes' vitals were checked while Officer Porras told a nurse that he had shocked him one time for approximately 15-20 seconds. Mr. Cervantes told the nurse that wasn't true, that there were many impacts lasting three to five minutes.

19. Mr. Cervantes was then taken to the jail and another nurse attended to him and took his vitals. The nurse noted that Mr. Cervantes was very sick, and asked Officer Porras how many "impacts" he was given. This time, Officer Porras stated that there were two. The nurse then checked Plaintiff's back. The nurse then told Mr. Cervantes that they would place him

close to the infirmary in the event he became worse. Mr. Cervantes informed the nurse that he needed to take his medication, however, Plaintiff's request for his needed medication was ignored. As a result, Mr. Cervantes' arms and legs became increasingly swollen with a burning sensation in his chest and the bottom of his feet.

20. On June 13, 2007, the following day, Mr. Cervantes appeared before Judge Ulloa and all charges were dropped as they were false and could not be supported with any evidence.

21. On June 14, 2007, pursuant to Penal Code § 851.6, Mr. Cervantes was released and provided a "Detention Certificate" by the Imperial County Sheriff's Office because Plaintiff's arrest was without warrant and no accusatory pleading was filed charging him with an offense. As such, after all Plaintiff had suffered, his false arrest was characterized as only a "detention."

22. On or about June 14, 2007, Mr. Cervantes also received a ticket copy for violation of Vehicle Code § 22450 (a), for failure to stop at a stop sign at Sheridan Street and Cesar Chavez Blvd. Mr. Cervantes adamantly disputes this charge as false as well. The Vehicle Code § 22450 (a) charge was subsequently dismissed by the court as well.

23. On June 15, 2007 and June 20, 2007, Mr. Cervantes reported to the El Centro Regional Medical Center and was seen by Susan Beltan, RN, MSN, Family Nurse Practitioner, BC, for elevated blood pressure and increased symptoms subsequent to his arrest, including but not limited to, chest pain, left side of his body discomfort, swelling of his arms and legs, bruising all over a majority of his body including his back, waist, legs and feet Several tests were conducted and Mr. Cervantes was referred to Athar M. Ansari, M.D. in El Centro for cardiac related issues.

24. On June 23, 2007, Mr. Cervantes underwent a microscopic cardiology at Sharp Hospital and was admitted from June 27, 2007 through June 29, 2007, for heart surgery. Plaintiff is informed and believes that his injuries and damages are the direct result of the false arrest and wrongful tazer gun attack by Calexico Police Officer B. Porras on June 12, 2007.

25. On or about September 4, 2007, Plaintiff filed claims against the City of Calexico, Calexico Police Officer B. Porras, and the County of Imperial via certified mail.

26. On or about September 10, 2007, Carl Warren & Co., claims administrator for the

County of Imperial, rejected Plaintiff's claim on grounds that the County of Imperial had no jurisdiction or control over the City of Calexico.

27. On September 17, 2007, Carl Warren & Co., claims administrator for the City of Calexico, acknowledged receipt of Plaintiff's claims and indicated that they would be recommending rejection of Mr. Cervantes' claim.

28. To date, Plaintiff has not received a notice of denial of claim pursuant to California Government Code 911.6. As such, Plaintiff's claim is deemed rejected on the 45th day after presentation, on or about October 19, 2007, pursuant to Government Code § 911.6 (c).

**I.**

**FIRST CAUSE OF ACTION**

**(Battery)**

29. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 28, inclusive, as though fully set forth herein.

30. Plaintiff and every person in the State of California, subject to the qualifications and restrictions provided by law, has the right of protection from bodily restraint or harm, from personal insult, from defamation and from injury to his personal relations under California Civil Code § 43.

31. In doing the acts as alleged above, the Defendants acted with intent to make a harmful or offensive contact with Plaintiff's person. At no time did Plaintiff consent to any of the above acts of Defendants alleged above.

32. As a result of the acts of the Defendants, the Plaintiff was injured in his health, strength and activity sustaining injury to his body and shock and injury to his nervous system and person all of which have caused Plaintiff to suffer extreme and severe physical pain and mental anguish to his general damage.

33. As a further proximate result of the negligence and carelessness of the defendants and each of them, plaintiff has incurred and will incur medical and related expenses. The full amount of those expenses is not known to the Plaintiff at this time.

///

///

34. The aforementioned conduct of the Defendant, Officer B. Porras, was willful and malicious and was intended to oppress and cause injury to Plaintiff. Plaintiff is therefore, entitled to an award of punitive damages against this Defendant.

II.

**SECOND CAUSE OF ACTION**

**(False Imprisonment)**

35. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 34, as though fully set forth herein.

36. Immediately prior to the acts of Defendants, Plaintiff was peacefully and lawfully driving from the market back to his home. As a result of the acts of Defendants herein alleged, Defendants imprisoned the Plaintiff after unlawfully shooting him with a tazer gun, without probably cause or justification, and under the guise of false charges.

37. As a result of the acts of the Defendants, the Plaintiff was injured in his health, strength and activity sustaining injury to his body and shock and injury to his nervous system and person all of which have caused Plaintiff to suffer extreme and severe physical pain and mental anguish all to his general damage.

38. As a further proximate result of the negligence and carelessness of the defendants and each of them, plaintiff has incurred and will incur medical and related expenses. The full amount of those expenses is not known to the Plaintiff at this time.

39. The aforementioned conduct of the Defendant, Officer B. Porras, was willful and malicious and was intended to oppress and cause injury to Plaintiff. Plaintiff is therefore, entitled to an award of punitive damages against this Defendant.

III.

**THIRD CAUSE OF ACTION**

**(Negligence)**

40. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 39, as though fully set forth herein.

///

41. Calexico Police Department is and at all times herein mentioned was a public entity operated by and under the management and control of City of Calexico, its governing board, officers and employees and agents, and located within the City of Calexico, County of Imperial, California.

42. Defendant Calexico Police Department had a duty at all times to supervise the conduct of its officers, including the duties of Officer B. Porras.

43. Defendant Calexico Police Department was negligent and careless in that it failed to exercise ordinary care in the hiring and training of Defendant Officer B. Porras, and further failed to exercise ordinary care in supervising the conduct of Defendant Officer B. Porras, including but not limited to his contact with Plaintiff and excessive use of force with a tazer gun.

44. As a proximate result of the negligence and carelessness of the Defendants and each of them, Plaintiff was injured in his health, strength and activity sustaining injury to his body and shock and injury to his nervous system and person all of which have caused Plaintiff to suffer extreme and severe physical pain and mental anguish all to his general damage.

45. As a further proximate result of the negligence and carelessness of the defendants and each of them, plaintiff has incurred and will incur medical and related expenses. The full amount of those expenses is not known to the Plaintiff at this time.

**IV.**

**FOURTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

46. Plaintiff refers to Paragraphs 1 through 45, inclusive, and incorporate said paragraphs herein by this reference.

47. Following the false arrest and injuries to Plaintiff and in response to his requests that Defendants fulfill their legal, ethical, moral and statutory duties to conduct a fair, honest and objective investigation into the incident, in order to determine the actual facts of the incident, the Defendants, and each of them, and those individuals who were involved or participated in the investigation as alleged above, acknowledged their statutory duty to conduct such an investigation.

48. Plaintiff is informed and believe, and on that basis allege, that the individual Defendants, or some of them, determined that their interests may be adversely affected, particularly in their financial

interests should the investigation disclose that Defendants either ignored or failed to respond to a situation involving acts of Officer Porras including, but not limited to, abuse of authority and excessive use of force, and that because of such a situation not being responded to or remedied, the abuse, excessive force and other inappropriate acts escalated into incidents causing grave and serious injuries to Plaintiff who is disabled. Accordingly, Defendants, or some of them, made a decision that the investigation must result in a finding of non-culpability of Defendants and a finding that the injury to Plaintiffs was unsupported and/or in compliance with state and federal law/regulations.

49. Plaintiff is informed and believes, and on that basis alleges, that the Defendants who made such a decision, agreed to abide by, support and comply with said decision, and decided to act in accordance with this decision to preserve and protect the financial interests of Calexico Police Department, and to reject and ignore the protestations of Plaintiff and his family.

50. Defendants further determined that in order to achieve their objectives, that they would deceive Plaintiff as to the method, scope, findings and facts determined through the investigation, and that only information achieving the goal of finding the injury to Plaintiffs, to be unsupported and/or unfounded, would be noted in any reports, letters, interviews or other statements made or issued by Defendants, and that any information which suggested, to the contrary, that Defendants had acted improperly in their handling of investigation of Defendant Officer Porras' conduct, or in their supervision of Defendant Officer Porras, would be repressed and not disclosed to anyone, particularly not to the Plaintiff or his family.

51. That in doing the acts described above, Defendants acted intentionally and knowingly, and in complete disregard of their duties and obligations as police, administrators and members or officers, and deliberately did so not only to mislead and deceive Plaintiff but also in order to deny them valid claims for Plaintiff's injuries and damages, and, further, to preserve and maintain the status quo. Defendants also so acted knowing that they were intentionally deceiving and providing erroneous information from a law enforcement officer abused his power under color of authority.

52. That in so acting with knowledge of the serious injury having been sustained by Plaintiff, and with full knowledge that the false report by Defendant Officer Porras, further knowing that legitimate claims by Plaintiff would thereby be denied and that the ultimate consequences would be

further trauma, emotional upset, mental suffering and other damages being inflicted upon Plaintiff, who had already been needlessly traumatized and damaged, the Defendants were acting with malice, with a conscious and reckless disregard of the consequences of their actions, and with intent to injure, damage and cause further emotional trauma upon Plaintiff. Such acts of Defendants could only be described as outrageous and despicable conduct, calculated to cause injury to the Plaintiff.

53. As a direct proximate and legal result of this conduct on the part of Defendants, Plaintiff has suffered extreme, severe and disabling emotional shock, mental and emotional distress and extreme anxiety, nervousness, lack of concentration, irritability and other complications which have continued since defendant's conduct.

V.

**FIFTH CAUSE OF ACTION**

**(Depravation of Rights Under Color of State Law - 42 USC §1983)**

54. Plaintiff refer to Paragraphs 1 through 53 Inclusive, and incorporate said paragraphs herein by this reference.

55. Plaintiff, Mr. Cervantes, is and all times herein mentioned in this Complaint, was a citizen of the United States and a resident of Calexico, Imperial County, California.

56. In acting as alleged in this cause of action, Defendants violated Plaintiff's right to be free from illegal seizure of his person as guaranteed by Amendment IV to the Constitution of the United States of America and Article I, Section 7 of the Constitution of the State of California. Further, Defendants violated Plaintiff's rights to due process as set forth in the Fourteenth Amendment prohibiting the depriving of a person of liberty, and the aforesaid state statutes more particularly described in paragraphs 7 - 28 above. Further, the actions of the Defendants violated Plaintiff's right to privacy as guaranteed by a host of doctrines ranging from due process, to liberty, to the penumbra of rights under the Ninth Amendment of the United States Constitution and California Constitution, Article I, Section I.

57. Defendant Officer B. Porras is sued in his individual and official capacity as a Calexico police officer for Calexico Police Department, acting at all times purportedly within the course and scope of his employment and agency with Calexico Police Department, and under the color of state law.

58. As a direct and proximate result of Defendants' actions in this Complaint, Plaintiff was injured and has sustained injury to his nervous system and person which has caused and continues to cause Plaintiff great mental, physical and nervous pain and suffering.

59. As a proximate result of the acts of the Defendants and each of them, as herein alleged, Plaintiff has incurred and will incur, further medical and related expenses. The full amount of those expenses is not known to the Plaintiff at this time.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. For damages for past and future medical expenses according to proof;
2. For loss of earning and/or loss of earning capacity according to proof;
3. For general damages for physical and emotional suffering according to proof;
4. For pre-judgment interest pursuant to statute;
5. For costs of suit herein;
6. For exemplary or punitive damages against the individual defendant(s) according to proof and where appropriate;
7. For a jury trial; and
8. For such other and further relief as the Court deems just and proper.

Dated: March 5, 2008

DONALD R. HOLBEN & ASSOCIATES, APC

By: ______________________
Donald R. Holben, Esq.
Leah M. Peer, Esq.
Attorneys for Plaintiff,
CESAR CERVANTES

Exhibit “B”

# SU. .IONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

MAR 06 2008

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
CALEXICO POLICE DEPARTMENT, a public entity; Officer B.PORRAS, in his personal and professional capacity; and DOES 1 through 20, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
CESAR CERVANTES

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIRORNIA
939 West Main Street
939 West Main Street
El Centro, CA 92243-2842
MAIN COURTHOUSE

CASE NUMBER: *(Número del Caso):* ECU04252

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LEAH M. PEER, Esq. SBN 172335 619/220-5555 619/220-0033
DONALD R. HOLBEN & ASSOCIATES, APC
5030 Camino de la Siesta, Suite 350
San Diego, CA 92108

DATE: *(Fecha)* MAR 0 6 2008 JOSE O. GUILLEN Clerk, by *(Secretario)* LIDIA GANDEVIA, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [✓] on behalf of *(specify)*: Calexico Police Department, a public entity

under:
- [ ] CCP 416.10 (corporation)
- [ ] CCP 416.20 (defunct corporation)
- [ ] CCP 416.40 (association or partnership)
- [✓] other *(specify)*: Public Entity
- [ ] CCP 416.60 (minor)
- [ ] CCP 416.70 (conservatee)
- [ ] CCP 416.90 (authorized person)

4. [ ] by personal delivery on *(date)*:

Exhibit “C”

| SUPERIOR COURT OF STATE OF CALIFORNIA<br>COUNTY OF IMPERIAL | |
|---|---|
| CESAR CERVANTES<br>Plaintiff,<br>vs.<br>CALEXICO POLICE DEPARTMENT, et al<br>Defendant. | MAR 07 2008<br>SUPERIOR COURT<br>IMPERIAL COUNTY |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NO. ECU04252 |

CALENDARED

1. NOTICE is given that a CASE MANAGEMENT CONFERENCE has been scheduled as follows:

| | | |
|---|---|---|
| Date: 09/03/2008 | Time: 8:30 a.m. | Dept. 7 |
| Address of court: Imperial County Courthouse, 939 West Main Street, El Centro, CA 92243 | | |

2. You must file and serve a completed Case Management Conference Statement at least fifteen (15) days before the case management conference.
3. You must be familiar with the case and be fully prepared to participate effectively in the case management conference.
4. At the case management conference the court may make pretrial orders, including the following:
   a) An order establishing a discovery schedule.
   b) An order referring the case to arbitration.
   c) An order dismissing fictitious defendants.
   d) An order scheduling exchange of expert witness information.
   e) An order setting subsequent conferences and the trial date.
   f) Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code § 68600 et seq.).
5. Parties wishing to appear by telephone must comply with CRC 298 and local Rule 10.07.
6. DATED: March 7, 2008

LIDIA GANDEVIA

JOSE O. GUILLEN, Clerk by ______________, Deputy

## -- SANCTIONS --

**If you do not file the Case Management Conference Statement required by CRC 212(g), or attend the case management conference or participate effectively in the conference, the Court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money).**

NOTICE OF CASE MANAGEMENT CONFERENCE

CRC 2101-2106
Government Code §68600 et seq.

ICSC C-114 10/03

Exhibit "D"

GIBBS & FUERST LLP
600 B STREET, SUITE 2300
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 702-3505
FACSIMILE (619) 702-1547

Michael T. Gibbs, State Bar No. 076519
Kevin L. Borgen, State Bar No. 176766

Attorneys for Defendants CITY OF CALEXICO/CALEXICO POLICE DEPARTMENT and OFFICER B. PORRAS

ENDORSED
APR 17 2008
SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY BECKY GUERRERO
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF IMPERIAL

| | |
|---|---|
| CESAR CERVANTES,<br><br>Plaintiff,<br><br>vs.<br><br>CALEXICO POLICE DEPARTMENT, a public entity; Officer B. PORRAS, in his personal and professional capacity; and DOES 1 to 20, inclusive,<br><br>Defendants. | No. ECU04252<br><br>[DEFENDANT EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE §6103]<br><br>**ANSWER OF CITY OF CALEXICO/CALEXICO POLICE DEPARTMENT TO COMPLAINT FOR DAMAGES** |

Defendant CITY OF CALEXICO/ CALEXICO POLICE DEPARTMENT, in answer to the complaint of CESAR CERVANTES on file herein, for itself alone, denies and alleges as follows:

Under the provisions of Section 431.30 of the Code of Civil Procedure, this answering defendant denies generally and specifically each and every allegation contained in the unverified complaint, and the whole thereof, and each and every alleged cause of action thereof, and denies that plaintiff sustained damages as alleged, or at all, by reason of any act, breach or omission on the part of this answering defendant.

## FIRST AFFIRMATIVE DEFENSE

This answering defendant is informed and believes and thereon alleges that the complaint, and each purported cause of action stated therein, fails to state facts sufficient to constitute a cause of action against this answering defendant.

## SECOND AFFIRMATIVE DEFENSE

This answering defendant is informed and believes that plaintiff waited an unreasonable period of time to complain of the matters set forth in their complaint to the prejudice of this answering defendant. Plaintiff is therefore guilty of laches.

## THIRD AFFIRMATIVE DEFENSE

This answering defendant is immune from liability pursuant to provisions of the Tort Claims Act, including, but not limited to Government Code sections 815, 815.2, 818.8, 820.2, 820.4, 820.6, 820.8, 821.6, 822.2 844.6, 845.4, 845.6, and 845.8, and pursuant to Penal Code section 835, 835a, 836, 836.5 and 843.

## FOURTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes and thereon alleges that the complaint, and each purported cause of action stated therein, is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 335.1, 338, 340, and 342, and Government Code sections 911.2, 945.6, and 950.6.

## FIFTH AFFIRMATIVE DEFENSE

Without in any way admitting the allegations of the complaint, this answering defendant is informed and believes and thereon alleges that if this answering defendant is subjected to any liability to the plaintiff herein, it will be due, in whole or in part, to the conduct, negligence and activities of other co-defendants, individuals and entities;

wherefore, any recovery obtained by the plaintiff against this answering defendant should be reduced according to the law of comparative liability.

## SIXTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes and thereon alleges that the events referred to in plaintiff's complaint, and all injuries and damages, if any, resulting therefrom, was the result of an unavoidable accident insofar as this answering defendant is concerned, and occurred without any negligence or want of ordinary care or default or breach on the part of this answering defendant.

## SEVENTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes and thereon alleges that the damages allegedly sustained by plaintiff, if any, was caused entirely by plaintiff's failure to exercise due care, caution or circumspection for the protection of his own interests. Had plaintiff exercised due care, caution or circumspection, plaintiff's alleged damages, if any, would have been avoided or lessened.

## EIGHTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes and thereon alleges that at all times referred to in the complaint, plaintiff failed to exercise ordinary care on his own behalf under the circumstances then existing. Any and all events and happenings in connection with the alleged occurrences, and the resulting injuries and damages, if any, was proximately caused and contributed to by the negligence of plaintiff. As a result thereof, plaintiff's right to recover from this answering defendant should be diminished in an amount established by proof at trial which is in direct proportion to plaintiff's failure to exercise due care.

**NINTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that plaintiff, by the exercise of diligence, could have mitigated against his claimed damages; therefore, his damages, if any, must be reduced, diminished or defeated by such amounts as should have been mitigated.

**TENTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and based thereon alleges that its liability, if any, for noneconomic general damages is several only and not joint pursuant to California Civil Code section 1431.2.

**ELEVENTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that plaintiff's claim for alleged damages has been satisfied, and plaintiff is, therefore, barred from any recovery against this answering defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff herein, and his agents and representatives, have engaged in conduct and activities by reason of which said parties have knowingly and intentionally waived any and all claims against this answering defendant, and is barred and estopped from any recovery.

**THIRTEENTH AFFIRMATIVE DEFENSE**

By his conduct, plaintiff is estopped to assert any action or otherwise against this answering defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred by the equitable doctrine of unclean hands from obtaining the relief requested.

**FIFTEENTH AFFIRMATIVE DEFENSE**

This answering defendant alleges that if plaintiff suffered or sustained any loss or damage, the same was directly and proximately caused and contributed to by conditions and hazards of which the plaintiff was aware, perceived, comprehended, appreciated and understood; yet, in spite of the plaintiff's appreciation of said risk of harm, plaintiff unreasonably exposed himself to the appreciated risk of harm, which was the proximate cause of plaintiff's injuries and/or damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that at all times alleged in the complaint, this answering defendant was acting in good faith, and within the scope of its duties and with justification.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that it is entitled to absolute immunity as set forth under federal statutes and federal case law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that it is entitled to qualified immunity as set forth under federal statutes and federal case law.

**NINETEENTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that plaintiff's complaint fails to alleges particular acts of constitutional deprivations and therefore plaintiff fail to state a claim under 42 U.S.C. §1983 against this answering defendant.

///

///

**TWENTIETH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that plaintiff failed to state a cause of action against the City of Calexico pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that plaintiff is barred from any recovery for any loss, injury or damage resulting from detention, arrest or imprisonment, as alleged in the complaint, against this defendant in that, at all material times and places alleged in the complaint, this defendant had probable cause to either arrest or detain the plaintiff for a suspected crime or crimes and/or to use reasonable force, and was authorized to so detain, arrest and imprison the plaintiff and/or to use reasonable force to do so.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that plaintiff is barred from any recovery from this defendant for any loss, injury or damage resulting from any force either actually employed or about which defendants warned, in that any and all such force was legal, proper, justified, and necessary both for the self-defense and protection of each of the defendants in the performance of their duties.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that defendants had reasonable cause to detain and arrest plaintiff.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that any arrest or detainment of plaintiff was reasonable in that there was reasonable and probable cause to believe that plaintiff committed a crime.

///

///

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes and thereon alleges that, in making any arrest or detention of the plaintiff, a reasonable amount of non-deadly force was used.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes and thereon alleges that any detainment of plaintiff was privileged and for a reasonable period of time.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes and thereon alleges that any damages incurred by plaintiff was directly and proximately caused or contributed by plaintiff's own actions.

**WHEREFORE**, this answering defendant prays for judgment herein as follows:

1. That plaintiff takes nothing by way of his complaint;
2. For costs of suit incurred herein, including attorney fees; and
3. For such other and further relief as the court deems just and proper.

DATED: April 15, 2008

GIBBS & FUERST

By: [signature]

MICHAEL T. GIBBS
KEVIN L. BORGEN
Attorneys for Defendants
CITY OF CALEXICO/CALEXICO POLICE DEPARTMENT and OFFICER B. PORRAS

| SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>IN AND FOR THE COUNTY OF IMPERIAL | | FOR COURT USE ONLY<br><br>ENDORSED<br>APR 17 2008<br>SUPERIOR COURT<br>IMPERIAL COUNTY<br>JOSE O. GUILLEN, CLERK<br>BY BECKY GUERRERO |
|---|---|---|
| TITLE OF CASE (Abbreviated)<br>CESAR CERVANTES V. CALEXICO POLICE DEPARTMENT, et al. | | |
| ATTORNEY(S) NAME AND ADDRESS<br>Michael T. Gibbs, Esq., Bar No. 076519<br>Kevin L. Borgen, Esq.<br>GIBBS & FUERST<br>600 B Street, Suite 2300<br>San Diego, CA 92101 | TELEPHONE<br>(619) 702-3505 | |
| ATTORNEY(S) FOR:<br>Defendant CITY OF INDIO and J. BOTTOMS | HEARING DATE-TIME-DEPT<br><br>Trial Date: | CASE NUMBER<br>ECU04252<br>JUDGE ASSIGNED: |

**DECLARATION OF SERVICE**

I, KAREN A. HERNANDEZ, declare: that I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of San Diego, California, within which county the subject service occurred. My business address is 600 'B' Street, Suite 2300, San Diego, California 92101. I served the following documents: ANSWER OF CITY OF CALEXICO/CALEXICO POLICE DEPARTMENT TO COMPLAINT FOR DAMAGES of which the original document, or a true and correct copy, is attached, by placing a copy thereof in a separate envelope for each addressee named hereafter, addressed to each such addressee respectively as follows:

Leah M. Peer, Esq.
Donald R. Holben, Esq.
DONALD R. HOLBEN & ASSOCIATES, APC
5030 Camino de la Siesta, Suite 350
San Diego, CA 92108
(619) 220-5555/(619) 220-0033
Attorneys for Plaintiff CESAR CERVANTES

__XX__(BY MAIL). On April 16, 2008, I caused such document(s) to be placed in an envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California. I am readily familiar with the practices of Gibbs & Fuerst for collection and processing of correspondence for mailing with the United States Postal Service, Federal Express and UPS. Such correspondence is deposited with the United States Postal Service, Federal Express, or UPS the same day in the ordinary course of business.

____ (BY PERSONAL SERVICE). I caused such document(s) to be placed in an envelope and delivered by hand to the business/home of the address.

_____ (BY TELECOPIER/FACSIMILE). I caused such document(s) to be telecopied/faxed to the following numbers:

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 16, 2008, at San Diego, California.

KAREN A. HERNANDEZ

Exhibit “E”

GIBBS & FUERST LLP
600 B STREET, SUITE 2300
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 702-3505
FACSIMILE (619) 702-1547

Michael T. Gibbs, State Bar No. 076519
Kevin L. Borgen, State Bar No. 176766

Attorneys for Defendants CITY OF CALEXICO/CALEXICO POLICE DEPARTMENT and OFFICER B. PORRAS

ENDORSED
APR 17 2008
SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY BECKY GUERRERO
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF IMPERIAL

| | |
|---|---|
| CESAR CERVANTES,<br>Plaintiff,<br>vs.<br>CALEXICO POLICE DEPARTMENT, a public entity; Officer B. PORRAS, in his personal and professional capacity; and DOES 1 to 20, inclusive,<br>Defendants. | No. ECU04252<br>[DEFENDANT EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE §6103]<br>**ANSWER OF OFFICER B. PORRAS TO COMPLAINT FOR DAMAGES** |

Defendant OFFICER B. PORRAS, in answer to the complaint of CESAR CERVANTES on file herein, for himself alone, denies and alleges as follows:

Under the provisions of Section 431.30 of the Code of Civil Procedure, this answering defendant denies generally and specifically each and every allegation contained in the unverified complaint, and the whole thereof, and each and every alleged cause of action thereof, and denies that plaintiff sustained damages as alleged, or at all, by reason of any act, breach or omission on the part of this answering defendant.

**FIRST AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that the complaint, and each purported cause of action stated therein, fails to state facts sufficient to constitute a cause of action against this answering defendant.

**SECOND AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes that plaintiff waited an unreasonable period of time to complain of the matters set forth in their complaint to the prejudice of this answering defendant. Plaintiff is therefore guilty of laches.

**THIRD AFFIRMATIVE DEFENSE**

This answering defendant is immune from liability pursuant to provisions of the Tort Claims Act, including, but not limited to Government Code sections 820.2, 820.4, 820.6, 820.8, 821.6, 822.2 844.6, 845.4, 845.6, and 845.8, and pursuant to Penal Code section 835, 835a, 836, 836.5 and 843.

**FOURTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that the complaint, and each purported cause of action stated therein, is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 335.1, 338, 340, and 342, and Government Code sections 911.2, 945.6, and 950.6.

**FIFTH AFFIRMATIVE DEFENSE**

Without in any way admitting the allegations of the complaint, this answering defendant is informed and believes and thereon alleges that if this answering defendant is subjected to any liability to the plaintiff herein, it will be due, in whole or in part, to the conduct, negligence and activities of other co-defendants, individuals and entities;

wherefore, any recovery obtained by the plaintiff against this answering defendant should be reduced according to the law of comparative liability.

**SIXTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that the events referred to in plaintiff's complaint, and all injuries and damages, if any, resulting therefrom, was the result of an unavoidable accident insofar as this answering defendant is concerned, and occurred without any negligence or want of ordinary care or default or breach on the part of this answering defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that the damages allegedly sustained by plaintiff, if any, was caused entirely by plaintiff's failure to exercise due care, caution or circumspection for the protection of his own interests. Had plaintiff exercised due care, caution or circumspection, plaintiff's alleged damages, if any, would have been avoided or lessened.

**EIGHTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that at all times referred to in the complaint, plaintiff failed to exercise ordinary care on his own behalf under the circumstances then existing. Any and all events and happenings in connection with the alleged occurrences, and the resulting injuries and damages, if any, was proximately caused and contributed to by the negligence of plaintiff. As a result thereof, plaintiff's right to recover from this answering defendant should be diminished in an amount established by proof at trial which is in direct proportion to plaintiff's failure to exercise due care.

**NINTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that plaintiff, by the exercise of diligence, could have mitigated against his claimed damages; therefore, his damages, if any, must be reduced, diminished or defeated by such amounts as should have been mitigated.

**TENTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and based thereon alleges that his liability, if any, for noneconomic general damages is several only and not joint pursuant to California Civil Code section 1431.2.

**ELEVENTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that plaintiff's claim for alleged damages has been satisfied, and plaintiff is, therefore, barred from any recovery against this answering defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff herein, and his agents and representatives, have engaged in conduct and activities by reason of which said parties have knowingly and intentionally waived any and all claims against this answering defendant, and is barred and estopped from any recovery.

**THIRTEENTH AFFIRMATIVE DEFENSE**

By his conduct, plaintiff is estopped to assert any action or otherwise against this answering defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred by the equitable doctrine of unclean hands from obtaining the relief requested.

## FIFTEENTH AFFIRMATIVE DEFENSE

This answering defendant alleges that if plaintiff suffered or sustained any loss or damage, the same was directly and proximately caused and contributed to by conditions and hazards of which the plaintiff was aware, perceived, comprehended, appreciated and understood; yet, in spite of the plaintiff's appreciation of said risk of harm, plaintiff unreasonably exposed himself to the appreciated risk of harm, which was the proximate cause of plaintiff's injuries and/or damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes and thereon alleges that at all times alleged in the complaint, this answering defendant was acting in good faith, and within the scope of his duties and with justification.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes and thereon alleges that he is entitled to absolute immunity as set forth under federal statutes and federal case law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes and thereon alleges that he is entitled to qualified immunity as set forth under federal statutes and federal case law.

## NINETEENTH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes and thereon alleges that plaintiff's complaint fails to alleges particular acts of constitutional deprivations and therefore plaintiff fail to state a claim under 42 U.S.C. §1983 against this answering defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

This answering defendant is informed and believes and thereon alleges that plaintiff is barred from any recovery for any loss, injury or damage resulting from

detention, arrest or imprisonment, as alleged in the complaint, against this defendant in that, at all material times and places alleged in the complaint, this defendant had probable cause to either arrest or detain the plaintiff for a suspected crime or crimes and/or to use reasonable force, and was authorized to so detain, arrest and imprison the plaintiff and/or to use reasonable force to do so.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that plaintiff is barred from any recovery from this defendant for any loss, injury or damage resulting from any force either actually employed or about which defendants warned, in that any and all such force was legal, proper, justified, and necessary both for the self-defense and protection of each of the defendants in the performance of their duties.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that there was reasonable cause to detain and arrest plaintiff.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that any arrest or detainment of plaintiff was reasonable in that there was reasonable and probable cause to believe that plaintiff committed a crime.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that, in making any arrest or detention of the plaintiff, a reasonable amount of non-deadly force was used.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that any detainment of plaintiff was privileged and for a reasonable period of time.

///

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that any damages incurred by plaintiff was directly and proximately caused or contributed by plaintiff's own actions.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that plaintiff's First Amended Complaint fails to state facts entitling plaintiff to recover punitive damages.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

This answering defendant is informed and believes and thereon alleges that the complaint is barred to the extent plaintiff seek exemplary or punitive damages for any purported acts of this answering defendant not alleged to have been oppressive, fraudulent or malicious.

**WHEREFORE**, this answering defendant prays for judgment herein as follows:

1. That plaintiff takes nothing by way of his complaint;
2. For costs of suit incurred herein, including attorney fees; and
3. For such other and further relief as the court deems just and proper.

DATED: April 15, 2008 GIBBS & FUERST

By: [signature]
MICHAEL T. GIBBS
KEVIN L. BORGEN
Attorneys for Defendants
CITY OF CALEXICO/CALEXICO POLICE DEPARTMENT and OFFICER B. PORRAS

| SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>IN AND FOR THE COUNTY OF IMPERIAL | | FOR COURT USE ONLY<br>ENDORSED<br>APR 17 2008<br>SUPERIOR COURT<br>IMPERIAL COUNTY<br>JOSE O. GUILLEN, CLERK<br>BY BECKY GUERRERO<br>DEPUTY |
|---|---|---|
| TITLE OF CASE (Abbreviated)<br>CESAR CERVANTES V. CALEXICO POLICE DEPARTMENT, et al. | | |
| ATTORNEY(S) NAME AND ADDRESS<br>Michael T. Gibbs, Esq., Bar No. 076519<br>Kevin L. Borgen, Esq.<br>GIBBS & FUERST<br>600 B Street, Suite 2300<br>San Diego, CA 92101 | TELEPHONE<br>(619) 702-3505 | |
| ATTORNEY(S) FOR:<br>Defendant CITY OF INDIO and J. BOTTOMS | HEARING DATE-TIME-DEPT<br><br>Trial Date: | CASE NUMBER<br>ECU04252<br>JUDGE ASSIGNED: |

**DECLARATION OF SERVICE**

I, KAREN A. HERNANDEZ, declare: that I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of San Diego, California, within which county the subject service occurred. My business address is 600 'B' Street, Suite 2300, San Diego, California 92101. I served the following documents: ANSWER OF OFFICER B. PORRAS TO COMPLAINT FOR DAMAGES of which the original document, or a true and correct copy, is attached, by placing a copy thereof in a separate envelope for each addressee named hereafter, addressed to each such addressee respectively as follows:

Leah M. Peer, Esq.
Donald R. Holben, Esq.
DONALD R. HOLBEN & ASSOCIATES, APC
5030 Camino de la Siesta, Suite 350
San Diego, CA 92108
(619) 220-5555/(619) 220-0033
Attorneys for Plaintiff CESAR CERVANTES

__XX__(BY MAIL). On April 16, 2008, I caused such document(s) to be placed in an envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California. I am readily familiar with the practices of Gibbs & Fuerst for collection and processing of correspondence for mailing with the United States Postal Service, Federal Express and UPS. Such correspondence is deposited with the United States Postal Service, Federal Express, or UPS the same day in the ordinary course of business.

____ (BY PERSONAL SERVICE). I caused such document(s) to be placed in an envelope and delivered by hand to the business/home of the address.

_____ (BY TELECOPIER/FACSIMILE). I caused such document(s) to be telecopied/faxed to the following numbers:

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 16, 2008, at San Diego, California.

KAREN A. HERNANDEZ

| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA | | FOR COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (Abbreviated)<br>CESAR CERVANTES v. CALEXICO POLICE DEPARTMENT, etc., et al. | | |
| ATTORNEY(S) NAME AND ADDRESS<br>Michael T. Gibbs, Esq., Bar No. 076519<br>Kevin L. Borgen, Esq., Bar No. 176766<br>GIBBS & FUERST<br>600 B Street, Suite 2300<br>San Diego, California 92101 | TELEPHONE<br>(619) 702-3505 | |
| ATTORNEY(S) FOR:<br>Plaintiff SORANUN BOOPPANON | HEARING DATE-TIME-DEPT<br><br>Trial Date: | CASE NUMBER<br><br>JUDGE ASSIGNED: |

**DECLARATION OF SERVICE**

I, KAREN A. HERNANDEZ, declare: that I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of San Diego, California, within which county the subject service occurred. My business address is 600 'B' Street, Suite 2300, San Diego, California 92101. I served the following documents: NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION) of which the original document, or a true and correct copy, is attached, by placing a copy thereof in a separate envelope for each addressee named hereafter, addressed to each such addressee respectively as follows:

Leah M. Peer, Esq.
Donald R. Holben, Esq.
DONALD R. HOLBEN & ASSOCIATES
5030 Camino de la Siesta, Suite 350
San Diego, CA 92108
(619) 220-5555/FAX (619) 220-0033
Attorneys for Plaintiff CESAR CERVANTES

__XX__ (BY MAIL). On April 25, 2008, I caused such document(s) to be placed in an envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California. I am readily familiar with the practices of Gibbs & Fuerst for collection and processing of correspondence for mailing with the United States Postal Service, Federal Express and UPS. Such correspondence is deposited with the United States Postal Service, Federal Express, or UPS the same day in the ordinary course of business.

____ (BY PERSONAL SERVICE). I caused such document(s) to be placed in an envelope and delivered by hand to the business/home of the address.

_____ (BY TELECOPIER/FACSIMILE). I caused such document(s) to be telecopied/faxed to the following numbers:

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 25, 2008, at San Diego, California.

KAREN A. HERNANDEZ

17113.1

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

FILED APR 28 2008 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
CESAR CERVANTES

**DEFENDANTS**
CALEXICO POLICE DEPARTMENT, a public entity; Officer B. PORRAS, in his personal and professional capacity, et al.

(b) County of Residence of First Listed Plaintiff Imperial
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Imperial
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
DONALD R. HOLBEN & ASSOCIATES
5030 Camino de la Siesta, Ste 350, San Diego, CA 619-220-5555

Attorneys (If Known) '08 CV 0771 W JMA
GIBBS & FUERST, 600 B Street, Suite 2300
San Diego, CA 92101 (619) 702-3505

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability; ☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury

PERSONAL INJURY: ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/Accommodations; ☐ 444 Welfare; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence; Habeas Corpus: ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture; ☐ 620 Other Food & Drug; ☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 630 Liquor Laws; ☐ 640 R.R. & Truck; ☐ 650 Airline Regs.; ☐ 660 Occupational Safety/Health; ☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Mgmt. Relations; ☐ 730 Labor/Mgmt.Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application; ☐ 463 Habeas Corpus - Alien Detainee; ☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 480 Consumer Credit; ☐ 490 Cable/Sat TV; ☐ 810 Selective Service; ☐ 850 Securities/Commodities/Exchange; ☐ 875 Customer Challenge 12 USC 3410; ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
☐ 1 Original Proceeding; ☒ 2 Removed from State Court; ☐ 3 Remanded from Appellate Court; ☐ 4 Reinstated or Reopened; ☐ 5 Transferred from another district (specify); ☐ 6 Multidistrict Litigation; ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 4-25-08 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 150271 AMOUNT $350 — APPLYING IFP JUDGE MAG. JUDGE

04/29/08 [initials]

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 150271 - MB**

**April 29, 2008
10:51:02**

**Civ Fil Non-Pris**
USAO #.: 08CV0770 CIVIL FILING
Judge..: THOMAS J WHELAN
Amount.: $350.00 CK
Check#.: BC6813

**Total-> $350.00**

FROM: CESAR CERVANTES VS
CALEXICO POLICE DEPT, ET AL